C. L. DAVIDSON V. JAMES E. MCNAIR *et al.*

No. 16,187.

LIMITATION OF ACTIONS—*Tolling the Statute—Absence from the State.* The evidence held not to establish the absence of a mortgagor from the state so as to toll the statute of limitations.

Error from Meade district court; GORDON L. FINLEY, judge. Opinion filed July 3, 1909. Affirmed.

*Francis C. Price,* for the plaintiff in error.
*H. Llewelyn Jones,* for the defendants in error.

Davidson v. McNair.

*Per Curiam:* This action was brought to recover judgment upon a promissory note and to foreclose a mortgage given to secure its payment. The note was due February 1, 1891. This action was commenced October 16, 1906, more than fifteen years afterward. The petition, to avoid the statute of limitations, alleged that the maker of the note and mortgage had been absent from the state of Kansas ever since 1892.

Defendant James E. McNair had succeeded to the rights of the former owner and mortgagor, and was contesting the foreclosure of the mortgage. In his answer he filed a general denial, and also affirmatively pleaded the five-year statute of limitation.

The burden of proof was upon the plaintiff to establish the averments of his petition concerning the absence of the mortgagor from the state, for without such allegation it did not state a cause of action. When the case was called for trial the plaintiff produced the note and mortgage, and rested. McNair then demurred to the evidence. The court overruled the demurrer for the reason that McNair had himself pleaded the statute of limitation, upon which the plaintiff had formed an issue by a general denial. To establish his answer McNair then produced the depositions of the mortgagor and his mother, and these constitute the only testimony in the case. The plaintiff appropriated this testimony, and insists that it establishes the absence of the mortgagor from the state for the time necessary to remove the apparent bar of the statute. The district court found in favor of the defendants, whether on the ground that the evidence established the presence of the mortgagor within the state or because it failed to establish his absence does not appear.

We have carefully examined both depositions and are unable to say that they establish anything concerning the whereabouts of the mortgagor during the

time since February 1, 1891. They do not, as we think, establish the absence of the mortgagor from the state for a time sufficient to satisfy the statute, and therefore the judgment of the district court is affirmed.